# Yost *v.* Coyle, Appellant (No. 2).

*Sheriff's sale—Setting aside sale—Inadequacy of price—Misdescription of property.*

1. Mere inadequacy of price is not in itself a sufficient reason for setting aside a sheriff's sale, but where there is in addition a misdescription of the property sold, plainly misleading bidders, the appellate court will review the proper exercise of the lower court's discretion in passing upon the application to set the sale aside.

*Sheriff's sale—Setting aside sale—Misdescription—Sale in Allegheny county—Act of April 6, 1871, P. L. 476.*

2. A sheriff's sale of property situated in a portion of the city of Pittsburg in which real estate commands high prices will be set aside on account of inadequacy of price and misdescription of property, where the advertisement fails to disclose that the width of the rear of the lot was more than double the width of the front; that the description in the advertisement did not follow the description in the levy as required by the local Act of April 6, 1871, P. L. 476, and that the quantity of the land stated in the advertisement was about 4,000 square feet, while the actual quantity was about 6,000 square feet.

Argued Oct. 26, 1909. Appeal, No. 137, Oct. T., 1909, by defendants, from order of C. P. No. 3, Allegheny Co., May T., 1909, No. 214, refusing to set aside sale of sheriff's sale of real estate in case of Fidelity Title & Trust Company, Executor under the will of William Yost, deceased, v. Reed B. Coyle et al. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Exceptions to sheriff's sale of real estate.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order refusing to set aside sheriff's sale of real estate.

*Galen C. Hartman,* for appellants.—This serious misdescription taken in connection with the inadequacy of price, which is not seriously denied, should move the conscience of a chancellor to set aside this sale: Krause v. Neidig, 3 Montg. 132; Stroup v. Raymond, 183 Pa. 279; Kutz's App., 4 Pa. Superior Ct. 292; Wells v. Pfeiffer, 4 Yeates, 203; Kenderdine v. McClintock, 2 Phila. 224; Yeakel v. Hawkins, 13 Montg. 53; Neafie v. Conrad, 6 W. N. C. 303; Carlin v. Leng, 1 Phila. 375; Hoeflich v. Hoeflich, 12 Pa. C. C. Rep. 370; Felton v. Felton, 175 Pa. 44; Westmoreland Guarantee B. & L. Assn. v. Nesbit, 21 Pa. Superior Ct. 150.

*George E. Alter,* of *McKee, Mitchell & Alter,* for appellee, cited: Miller v. Kipple, 2 Pearson, 118; Felton v. Felton, 175 Pa. 44.

OPINION BY MR. JUSTICE BROWN, January 3, 1910:

The sheriff's sale which the court below refused to set aside was on an execution issued upon the judgment which is the subject of the preceding appeal. Gross inadequacy of price and misdescription of property in the sheriff's advertisements were the main reasons urged for setting the sale aside and are the only ones to be considered on this appeal. The property. was sold to the appellee for $11,600, subject to a mortgage of $13,000 and accrued interest, making the actual price which he bid for it about $25,000. In support of the allegation of inadequacy of price a number of witnesses testified that the property was worth from $35,000 to $40,000 and that it would have brought from $5,000 to $7,000 more than the price at which it was knocked down if the description had been adequate. The inadequacy of the price was in itself no reason for disturbing the sale. When, however, there is not merely inadequacy of price, but a misdescription of the property sold, plainly misleading bidders, the proper exercise of the court's discretion in passing upon the application to set the sale aside must be reviewed.

. The following is the sheriff's advertisement: "Lot of ground in Fourth Ward, formerly Fourteenth Ward, Pittsburgh.

Beginning on southeasterly corner of Bellefield avenue and Bayard street. Fronting 40 feet on Bellefield avenue, and extending back on one side 101.65 feet and on the other side along Bayard street 106.06 feet, and having thereon a two story brick dwelling." The width of the lot on the rear is 83.93 feet, or more than double the front, but this does not appear in the advertisement. The lot is located in a portion of the city of Pittsburg in which real estate commands high prices, and the more than double width of the lot on the rear was a most valuable incident to it. It fronted not only on Bellefield avenue, but on Bayard street, its frontage on that street being more than two and one-half times the frontage on Bellefield avenue, and the frontage on Bayard street had a depth at the rear of the lot of more than twice the depth of the front on Bellefield avenue. All this was concealed in the advertisement. A number of witnesses testified that from the advertisement they would have been led to believe that though the lines along Bayard street and on the opposite side were of unequal lengths, the lot was of uniform width throughout, for there was nothing in the advertisement to show that the line on Bayard street did not meet Bellefield avenue at right angles. The Act of April 6, 1871, P. L. 476, relating to sheriff's sales in Allegheny county, requires that the notice to be given by the sheriff of all judicial sales made by him shall be by printed handbills "fully describing the property to be sold according to the levy, with its improvements," and also by advertisements published in two daily newspapers three times before the day of sale, once in each consecutive week, designating briefly the locality and quantity of the property to be sold. The levy described the property as "beginning on the southeasterly corner of Bellefield avenue and Bayard street; thence south 15° 30' east along Bellefield avenue forty (40) feet to the northerly line of land of Jennie E. Palmer; thence north 74° 30' east along said line 101.65 feet to a pin; thence north 18° 57' west 83.93 feet to Bayard street and thence south 50° 7' west along Bayard street 106.06 feet to Bellefield avenue, at the place of beginning." If this description in the levy had been followed, as the act requires, there would have

been no complaint about misdescription. The description of the property in the advertisement is not only insufficient and inadequate, but plainly misleading, and it may well be that the inadequate price shown to have been bid for it was due to its misdescription. The description given in the advertisement was in plain disregard of the statutory requirement, for it did not describe the property to be sold according to the levy, nor did it give the quantity. The quantity according to the advertisements was about 4,000 square feet. The actual quantity is about 6,000 square feet, or one-half more. Under the circumstances, it was the plain duty of the court below to have set the sale aside. The decree confirming it is, therefore, reversed and the sale is set aside.