# Lyle v. Armstrong, Appellant.

*Sheriff's sale—Setting aside sale—Inadequacy of price—Misdescription.*

1. On an appeal from an order refusing to set aside a sheriff's sale, the appellate court will not consider statements respecting the value of the property sold, unless there is clear proof of an abuse of discretion by the court below in dealing with the question of inadequacy of price.

2. On a rule to set aside a sheriff's sale, it appeared that the plaintiff in the execution who was also the mortgagee bid in the property for $2,500. The defendant alleged that it was worth from $85,000 to $100,000. Plaintiff admitted that the property was worth $50,000, but averred, that calculating the amount of the judgment with interest and costs, delinquent and current taxes, and municipal liens filed against it, the total cost to him would be at least $41,800. There was nothing to show that any offer had been made to purchase the property for an amount sufficient to pay the mortgage. Although an insufficient description was alleged, there was no allegation that any one was misled by the description in the advertisements. *Held,* that the court below was not guilty of any abuse of discretion in refusing to set aside the sale.

Argued Jan. 16, 1912. Appeal, No. 84, Jan. T., 1911, by defendants from order of C. P. No. 2, Phila. Co., June T., 1910, No. 4016, refusing to set aside sheriff's sale in case of Franklin L. Lyle v. William Lynn Armstrong, Real Owner, and Amos R. Scott, Mortgagor. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Rule to set aside sheriff's sale.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order refusing to set aside sale.

*E. Clinton Rhoads,* with him *Maxwell H. Kratz,*

*Paxson Deeter* and *John C. Bell,* for appellants.—The cases uniformly hold that inadequacy of price coupled even with slight circumstances of error or mis-description are sufficient ground to set aside a sheriff's sale: Ritter v. Getz, 161 Pa. 648; Stroup v. Raymond, 183 Pa. 279; Phillips v. Wilson, 164 Pa. 350; Light v. Zeller, 195 Pa. 315; Yost v. Coyle, 226 Pa. 458; Twells v. Conrad, 2 W. N. C. 30; Whitaker v. Birkey, 11 Phila. 199; Com. v. Dasher, 11 Lanc. Bar. 107; Wood v. Boileau, 16 W. N. C. 559; Trust Co. v. Herr, 14 W. N. C. 390.

*Alex. Simpson, Jr.,* with him *I. Hazleton Mirkil,* for appellee, cited Miller v. Kipple, 2 Pearson 118; Dougherty's Case, 16 Pa. C. C. R. 214; Felton v. Felton, 175 Pa. 44; Eberly v. Sensenig, 19 Lanc. Law Rev. 333.

OPINION BY MR. JUSTICE POTTER, March 4, 1912:

This is an appeal from the refusal by the court below to set aside a sheriff's sale of real estate. Inadequacy of price, and insufficiency of description in the advertisements were alleged as reasons for setting aside the sale. In considering an appeal of this kind, we will not consider statements respecting the value of the property sold, unless there is clear proof of an abuse of discretion by the court below, in dealing with the question of inadequacy of price: McKee v. Kerr, 192 Pa. 164; Light v. Zeller, 195 Pa. 315. Appellant relies upon the case of Yost v. Coyle, 226 Pa. 458, but there the circumstances were held to be unusual; the sheriff's advertisements failed to show that the width of the rear of the lot sold was more than double the width of the front, and the area was incorrectly stated as about 4,000 square feet, while the actual quantity was about 6,000 square feet. It also appeared that the description in the advertisements did not follow that in the levy, as required by a local act of assembly in force in Allegheny county, where the proceedings took place.

The court below refused to set aside the sale for these reasons, coupled with inadequacy of price. But this court was persuaded that the misdescription of the property was such as to plainly mislead bidders, and we therefore held that the discretion of the court below was not properly exercised. The general rule is undoubtedly set forth correctly in Westmoreland Guarantee Bldg. & Loan Assn. v. Nesbit, 21 Pa. Super. Ct. 150. In that case the court below had discharged a rule to set aside a sheriff's sale, taken on the ground that the representative of the plaintiff in the execution had forgotten to attend the sale and bid on the property, which had consequently sold for an inadequate price. The order was affirmed by the Superior Court, ORLADY, J., saying (p. 153) : "We are not merely to substitute our view of a discretionary act for that of the court below, but under the clearly defined decisions, are to examine the record, fortified by the presumption that the court below has properly discharged its discretionary duty." In the present case we find that it was averred in the petition that the property was sold to plaintiff for the sum of $2,500, with an allegation that it was worth from $85,000 to $100,000. But the plaintiff was the mortgagee, and while admitting that the property was worth the sum of $50,000, the answer avers, that calculating the amount of the judgment, with interest and costs, delinquent and current taxes and municipal liens filed against it, the total cost to him would be at least $41,800. There was no allegation in the petition that any offer had been made to purchase the property for an amount sufficient to pay the mortgage. Nor was there any allegation that any one was misled by the description in the advertisements. The criticism of the descriptions evidently did not impress the court below, and it does not appeal to us. Certainly we cannot say that there was any abuse of discretion by the court below in refusing to set aside the sale upon that account. In the depositions which were taken in support

of the rule and against it, there was considerable conflicting testimony, as to the value of the property, the character of the buildings, and as to the effect of the alleged faulty descriptions in the advertisements. There was ample evidence to warrant the court below in finding for the plaintiff upon the questions in dispute. We find in the record nothing to indicate that the court below in any way abused its discretion in discharging the rule to set aside the sale. As was pointed out in Ritter v. Getz, 161 Pa. 648 it is only in extreme cases that we undertake to interfere with the result of the exercise of discretion by the court below, in confirming or setting aside sheriff's sales; and this is not such a case.

The order is affirmed.