# Levi *v.* Greer.

*Sheriff's sale—Setting aside sale—Inadequacy of price—Misdescription—Unfair conduct of purchaser.*

While inadequacy of price is not by itself sufficient to justify the court in setting aside a sheriff's sale, yet where there is great inadequacy, the court may seize upon other circumstances in order to give relief. Thus, a sale will be set aside where there was great inadequacy of price, and a misdescription of the property by including seven and a half acres not owned by the defendant and not subject to the lien of the judgment, and also evidence of unfair conduct on the part of the purchaser in refusing shortly before the sale to carry out his agreement to buy a part of the premises at private sale, thereby preventing the defendant from paying the judgment.

Argued April 25, 1912. Appeal, No. 166, Jan. T., 1912, by W. N. Seibert, from order of C. P. Erie Co., Feb. T., 1912, No. 60, setting aside sheriff's sale in case of Isaac Levi and J. P. Trivitt v. R. M. Greer, Administrator of the Estate of Elsie A Greer, deceased, and R. M. Greer, et al. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule for an order on sheriff not to deliver deed.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order setting aside the sale.

*Frank Gunnison,* with him *Henry E. Fish, W. Pitt Gifford* and *A. O. Chapin,* for appellant.

*George E. Gibson,* with him *E. L. Whittelsey,* for appellees.

PER CURIAM, May 13, 1912:

The setting aside, or the refusal to set aside a sheriff's sale is in the sound discretion of the court and its order

will not be disturbed unless it appears that there was manifest error. While inadequacy of price is not by itself sufficient to justify the court in setting aside a sheriff's sale, yet where there is great inadequacy, the court may seize upon other circumstances in order to give relief: Stroup v. Raymond, 183 Pa. 279; Light v. Zeller, 195 Pa. 315. In this case there was great inadequacy in price and a misdescription of the property by including seven and a half acres not owned by the defendant and not subject to the lien of the judgment, which left some uncertainty as to what a purchaser would take by the sale and clouded the title of a third party who joined in the application to set aside the sale. There was, in addition to this, conduct on the part of the purchaser, who refused shortly before the sale to carry out his agreement to buy a part of the premises at private sale and who thus prevented the defendant from paying the judgment, which indicated unfairness by him and a purpose to mislead.

The order is affirmed at the cost of the appellant.