## Nutt, Administratrix, *v.* Berlin Smokeless Coal & Clay Mining Company, Appellant.

*Sheriff's sale—Advertisements—Inadequacy of price.*

1. An advertisement of a sheriff's sale of coal lands sufficiently described the property where it set out the description contained in the title deeds, referred to a plan of lots, and stated that the coal and minerals under the said lots were to be sold; and it is immaterial that it failed to mention the particular deed record containing the title, that it described the tract as containing 134 acres instead of 134 acres more or less, as recited in the deed, that it failed to mention that large quantities of coal were being taken from the adjoining property, that it failed to refer to the railroad siding terminating on the lands, and that it failed to refer to the advantageous location of the land with reference to mining operations on adjacent lands.

2. Mere inadequacy of price is not sufficient ground for setting aside a sheriff's sale of real estate.

Argued Oct. 3, 1918. Appeal, No. 112, Oct. T., 1918, by defendant, from order of C. P. Somerset Co., May T., 1916, No. 2, dismissing exceptions to sheriff's sale, in case of Leora Hay Nutt, Administratrix Estate of Valentine Hay, deceased, v. Berlin Smokeless Coal and Clay Mining Company. Before BROWN, C. J., STEWART, WALLING, SIMPSON and FOX, JJ. Affirmed.

Exceptions to sheriff's sale.

The facts appear in the following opinion of RUPPEL, P. J., dismissing exceptions to the sale:

On a judgment calling for $7,000, an execution was issued and placed in the hands of the sheriff, who made return that on the 3d of May, 1918, he sold the real estate of the defendant to Henry B. Reed, of New York, for $4,325. W. H. Miller and A. J. Hillegass presented a petition to set aside the sheriff's sale alleging that they,

the petitioners, were stockholders of the defendant company, and that they were individually responsible for the debt secured by the judgment in this case by reason of a collateral bond and that the real estate had brought an inadequate price and that another party whose name was not given in the petition, who had not been present at the sale, would be willing to make an increase bid of $1,175 on a resale. The only other grounds upon which to sustain the exceptions to the sale are insufficiency of advertisement; the alleged insufficiency consisting of the following:

1. The advertisement does not mention "which deed record in Somerset County's records of deeds contains the title" to said tract.

2. The description recites the acreage to be "134 acres" instead of "134 acres be the same more or less," as recited in the deed.

3. The description makes no reference to the fact that the tract of land is underlaid with several seams of coal and fire clays.

4. The description fails to mention that the tract adjoins the property of the Brothersvalley Coal Company, who are mining large quantities of coal from their lands daily.

5. The advertisement makes no reference to the railroad siding terminated on said land.

6. The advertisement fails "to disclose that this tract of land is the key for the development and operation of a large tract of coal lands adjacent thereto."

7. Said advertisement makes no reference to a plan of lots laid out, etc.

These exceptions are without merit. The description in the advertisement is manifestly taken from the title deeds of the defendant. Reference is made to a plan of lots, and also the fact that while several lots referred to in the advertisement are reserved or excepted, the fact that the coal and minerals under said lots to be sold by the sheriff is noted in the advertisement, this of itself

would give sufficient notice of the existence of coal or minerals; but the counsel for the exceptants has furnished us with no authority to show that the sheriff should investigate and give notice of the fact coal exists on a tract of land he is offering for sale. We think that the sheriff would have exceeded his duties had he done so, and the purchaser in a proper case would have had sufficient ground to have set aside a sale based upon such information.

In Morse v. Freck, 7 Pa. C. C. Rep. 456, it is held that a sheriff's advertisement which simply refers to the number of the warrant of a tract of land is a sufficient description; and so we think here, that the sheriff's advertisement referring to the defendant's title papers and quoting therefrom, was all that was required, and the allegation of want of description must fail.

It has been repeatedly ruled by our courts that mere inadequacy of price is not sufficient to set aside a sheriff's sale of real estate: Cake v. Cake, 156 Pa. 47; Felton v. Felton, 175 Pa. 44; McKee v. Kerr, 192 Pa. 164; Light v. Zeller, 195 Pa. 315; Union Bank v. Bertolet, 1 Woodward 88.

For a court to set aside a sheriff's sale on mere inadequacy of price is an abuse of discretion and reversible error: Stroup v. Raymond, 41 W. N. C. 227; Barnes v. Skiles, 30 Pa. Superior Ct. 418.

After the case had been argued, W. A. Merrill, a very responsible party, filed a paper setting forth that on a resale of the property he would open the bidding at $5,-500. The court believing that the petitioners should have the benefit of this increased bid if it were at all possible to secure it, called counsel for the parties interested to chambers and presented the matter stating to the counsel that if the purchaser, Mr. Reed, were willing to increase his bid to $5,500, the sheriff should amend his return and award the property to Mr. Reed at the increased amount; or if Mr. Reed were willing to turn over the property and his bid to the new bidder, Mr. Merrill,

that the sheriff could amend his return making Mr. Merrill the purchaser at $5,500. All parties interested agreed to this except the counsel for the purchaser said he would have to communicate first with Mr. Reed who lived in New York. On the 6th of June, 1918, counsel for purchaser advised the court and counsel for parties interested that Mr. Reed was willing to increase his bid to $5,500 and had sent the money to his attorney to pay over upon delivery of deed. On the 7th of June counsel for the petitioners presented another paper signed by one David Marshall, of Pittsburgh, saying that he had examined this real estate on the 6th of June and "am of the opinion that said real estate is worth at least the sum of $7,000, etc......I therefore now state to the court that if I am given a week or ten days to put my engineer on the grounds I will file with the court a certified check for $7,000 as an offer for purchase of said real estate if my engineer shall concur with me in my opinion," etc.

In view of what had taken place between the court and counsel we think it would be very unwise to accept this paper or to defer further action with the expectation that an increased bid would be received. The court is not to be an auction room for the sale of real estate; the court is not to usurp the functions of the sheriff in the sale of property; parties have had their opportunity of bidding, and it is only because of the equities that we have in any manner interfered with the bid offered by the purchaser at sheriff's sale. There is really no ground whatever for setting aside the sale, and as the purchaser now voluntarily agrees to increase his bid, we permit the sheriff to make an amended return naming Henry B. Reed as the purchaser, and the consideration at $5,500.

The court dismissed the exceptions and confirmed the sale. Defendant appealed.

*Error assigned* was the order of the court.

*Alexander King,* for appellant.

*J. G. Ogle,* with him *C. W. Walker,* for appellee.

PER CURIAM, October 23, 1918:

This appeal is dismissed at the costs of the appellant on the opinion of the learned court below dismissing the exceptions to the sheriff's sale.