**THE EDGEWOOD.**
**SUGAR PRODUCTS COMPANY**
v.
**LOCKHART**
No. 2703
Circuit Court of Appeals
Third Circuit
February 28, 1922
*See, also, 279 Fed. 348*

BARRY, WAINWRIGHT, THACHER & SYMMERS, New York City (JAMES K. SYMMERS and DALLAS S. TOWNSEND, both of New York City, of counsel), *for appellant*

PURRINGTON & McCONNELL, New York City (WILLIAM A. PURRINGTON and FRANK J. McCONNELL, both of New York City, and DENZIL NOLL, JOHN L. CURRY and A. E. STAKEMANN, all of St. Croix, Virgin Islands, of counsel), *for appellee*

Before BUFFINGTON, WOOLLEY, and DAVIS, *Circuit Judges*

WOOLLEY, *Circuit Judge*

■ The Congress, by the Act of March 3, 1917 (ch. 171, § 2, 39 Stat. 1132), declared that, "in so far as compatible with the changed sovereignty," the local laws of the Virgin Islands shall remain in force and be administered by the local tribunals there established. By the same Act (and section), the Congress conferred upon this court appellate jurisdiction over cases there decided.■ In an endeavor to exercise this jurisdiction in harmony with Danish law yet consistently with laws of our own, as broadly prescribed, we have on occasion found it necessary — and a little difficult — to yield our conceptions of law and to conform our procedure in a measure to that of the appellate courts of Denmark. Clen v. Jorgensen (C.C.A.3d 1920) 1 V.I. 497, 265 Fed. 120; Soto v. United States (C.C.A.3d 1921) 1 V.I. 536, 273 Fed. 628. Whatever may be the essentials of appellate jurisdiction under Danish law, we are of opinion that in conferring upon this court jurisdiction by "writs of error and appeal . . . in all cases arising in the West Indian Islands and now reviewable by the courts of Denmark" the Congress had chiefly in mind those cases which, within the principle of federal law, had gone to final judgment. As no difference between the courts of the United States and the courts

of Denmark in this respect has been shown us, we shall, until the contrary appears, assume there is none. Therefore, in order to determine whether this court has jurisdiction of the pending appeal, it becomes necessary to decide from careful reading of the record whether the judgment from which the appeal was taken is final.

██ ██ This is a case in admiralty brought by Lockhart, attorney for Kinch, against the schooner Edgewood, which, bound from Barbados for New York, put into the port of St. Thomas in distress. The process is in the nature of foreign attachment issuing from the Sheriff Court of St. Thomas and St. John on the plaintiff's praecipe showing the nature and amount of his claim against the schooner. On the filing of an indemnifying bond the Sheriff Court "decreed" attachment of the schooner. The case was then transferred to the District Court of St. Thomas and St. John. Although the proceedings throughout appear to be quasi in rem, a summons issued from the District Court to the captain of the schooner (under Placard of 30 November, 1821, providing that, when the owner of property is absent from the country, suit for attachment may proceed by summons to the person in possession) commanding him to appear on a named day "to hear demands made for the confirmation" of the attachment previously issued, and also "to hear judgment of the aforesaid claim held by C. H. Kinch against said schooner Edgewood and owners originating for disbursements made to said vessel, while in the port of Barbados, for repairs and supplies amounting to $20,941.57 U. S. currency, together with expenses incurred, say: Expenses for cable $100.14, legal services $2,100; in all for $23,141.71."

On the return of the writ of summons the plaintiff (Kinch) proved his claim, which was made up of advances for repairs to the schooner following a collision. The captain of the schooner appeared and admitted the

claim to be correct. Thereupon the District Court made a "decision" confirming the execution, awarding the plaintiff judgment against the schooner for $20,941.57 and sundry items of interest, expenses and counsel fees, and finding the plaintiff "entitled to execution against the schooner" if the money awards be not paid within three days.

In view of the nature of the action, we regard this decision in all essentials a final judgment between the parties, determining the amount of the plaintiff's claim against the schooner and the schooner's liability therefor to the plaintiff. Although this procedure differs from that prevailing under our system of laws, it has been decided by the Supreme Court of the United States that remedial rights guaranteed by the Constitution of the United States are not among the fundamental rights which the Congress in legislating for a territory not incorporated into the United States must secure to its inhabitants and that until the Congress shall extend rights of this character to the inhabitants of newly acquired territory, the judicial system prevailing in such territory — not the system contemplated by the Constitution — is applicable and controlling. Talton v. Mayes, 163 U.S. 376, 16 S. Ct. 986, 41 L. Ed. 196 Hawaii v. Mankichi, 190 U.S. 197, 23 S. Ct. 787, 47 L. Ed. 1016; De Lima v. Bidwell, 182 U.S. 1, 21 S. Ct. 743, 45 L. Ed. 1041; Dooley v. United States, 182 U.S. 222, 21 S. Ct. 762, 45 L. Ed. 1074; Downes v. Bidwell, 182 U.S. 244, 21 S. Ct. 770, 45 L. Ed. 1088; Dorr v. United States, 195 U.S. 138, 24 S. Ct. 808, 49 L. Ed. 128, 1 Ann. Cas. 697. Therefore, opposed to the contention of the appellant that the proceedings below deprived it of its property without due process of law, we hold that the judgment of the District Court is valid in that it was rendered by due process of local law "compatible with the changed sovereignty." It is important to note, however, that this is not the judgment from which this appeal was taken, nor is

its subject-matter involved in this appeal. It is, however, the basis of the action from which the appeal was taken.

■ Having prosecuted the case to judgment in the District Court, the plaintiff returned to the Sheriff Court, where, producing a copy of the judgment, he moved for execution against the schooner conformably therewith. On the captain's failure to pay the amount of the judgment within the time named, the Sheriff Court awarded the plaintiff execution against the schooner in the nature of an order of sale subject to the rights of other creditors. It then appeared that the schooner, being worth not more than frcs. 175,000, would not, if sold, satisfy the plaintiff's claim. Whereupon the plaintiff prayed the Sheriff Court for an "extension" of the execution to the schooner's cargo — which had been removed from the schooner because of her leaking condition and stored on shore — on the representation that the cargo owed the schooner $11,750 U.S.C. for demurrage at Barbados (the amount entered on the bill of lading) and $3,000 U.S.C. for distance freight, that is, freight for that part of her voyage covered from Barbados to St. Thomas, her port of refuge. (The latter claim is based on a principle of Danish law quite the opposite of the general rule that no part of freight is earned by a ship unless she fulfills her contract of affreightment and delivers her cargo. The Allanwilde, 248 U.S. 377, 39 S. Ct. 147, 63 L. Ed. 312, 3 A.L.R. 15). It was just here that the Sugar Products Company, later the appellant, came into the case. The cargo, consisting of 210,000 gallons of molasses, was owned by that company. Intervening as charterer of the schooner and owner of the cargo, the Sugar Products Company appeared and, by a formal plea, answered the request for an extension of execution by denying that its cargo owed the schooner anything for distance freight or demurrage; alleging that, on the other hand, the schooner was indebted to it in the

sum of $75,000; and protesting against extension of the execution because thereby it would be deprived of its property without due process of law, as guaranteed by the Constitution of the United States. After argument, the Sheriff Court, evidently regarding the process of execution in the nature of foreign attachment because of the absence from the country of the owner of the property attached, decreed execution for the plaintiff against the cargo on its liability to the schooner for demurrage and distance freight but expressly disclaimed jurisdiction to adjudicate the question of its liability by saying: "It is not within the jurisdiction of the Sheriff Court to examine the correctness of the claim for demurrage and distance freight and the execution will only be given with the reservation of any preferred right which may exist."

The Sugar Products Company then gave a bond for the release of the cargo. This was really a bond to dissolve the attachment and to stand in place of the cargo released. Without further proceedings in local courts, the Sugar Products Company next took this appeal from "the final decree to the District Court of St. Thomas and St. John," assigning as error the action of the Sheriff Court in extending execution from schooner to cargo.

Obviously, the first question before us is one of jurisdiction. That question turns on another — from what judgment was this appeal taken? In so far as our understanding of the Danish law aids us, the appeal cannot have been taken from the judgment of the District Court because that judgment involved only Kinch and the schooner and extended only to his right of execution against the schooner. Neither the Sugar Products Company nor its cargo was there involved. Nor can the appeal be from a judgment of the District Court confirming the Sheriff Court in extending execution from the schooner to the cargo, because, the cargo being immediately released

upon the owner's bond, no application to the District Court to confirm the extension was made.

Is this an appeal from a judgment of the Sheriff Court? It appears to be, for the summons on appeal issued from that court. It becomes necessary, therefore, to inquire into the proceedings of the Sheriff Court and determine whether, by its judgment or other act, it decided with finality the question of the liability of the cargo to the schooner for distance freight and demurrage — the question brought here by this appeal.

The only judgment entered by the Sheriff Court affecting the Sugar Products Company was that extending the execution from schooner to cargo. In rendering this judgment the Sheriff Court, as we have seen, expressly disclaimed jurisdiction to determine the liability of the cargo to the schooner, postponing that question for decision by some other court. The proceeding being in the nature of foreign attachment, the next move of the Sugar Products Company was quite in order. This was the giving of security to "release" the property attached, or, as we would put it, security to dissolve the attachment, thereby regaining its property and placing itself in position to thereafter try out the questions of liability of the cargo to the schooner and the liability of the cargo thence to the execution creditor of the schooner. These questions were triable, it is asserted by counsel for the plaintiff in his brief, first in the Reconciling Court, and, failing there, next in the Ordinary Court (District Court) of the Islands. Clen v. Jorgensen, supra. Be that as it may, there are two matters which are quite clear: First, that questions of liability of the cargo to the schooner, and thence to Kinch, the plaintiff, were not, in point of law or fact, tried or decided by any court of the Virgin Islands; and second, that these questions are not, either on the law or the facts, triable in this Court of Appeals within any

original jurisdiction, or within its appellate jurisdiction until they have been decided by a local court. So far as we are informed, the Sheriff Court is without jurisdiction to decide them. The sheriff judge so held. All that the Sheriff Court did was to extend the execution from one property to another under local law, leaving the rights of the Sugar Products Company to be determined later by another tribunal. We are of opinion, therefore, that from the judgment of the Sheriff Court extending execution from schooner to cargo under local procedure and expressly disclaiming jurisdiction to try the issue of the cargo's liability to the schooner, an appeal will not lie. As that issue between cargo and schooner, in point of law and fact, remains to be tried before a court of the Islands with jurisdiction to hear and decide it, we are of opinion that the appeal of the Sugar Products Company was prematurely taken.

The appeal must, therefore, be dismissed with costs to the appellee, and the case remanded to the Virgin Islands there to be brought to judgment in a local court under local laws in proceedings not inconsistent with this opinion.