# LUCERNE INVESTMENT COMPANY
## v.
# ESTATE BELVEDERE, INC.

Civil No. 79-1967

District Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

March 4, 1969

*See, also, 7 V.I. 242*

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, Virgin Islands, *for plaintiff*

YOUNG, ISHERWOOD, GIBBS & CARNEY, ESQS., Christiansted, St. Croix, Virgin Islands, *for defendant*

MERWIN & SPENCER, ESQS., Frederiksted, St. Croix, Virgin Islands, *for intervenors*

MARIS, *Circuit Judge*

## OPINION

MARIS, *Circuit Judge*

In this foreclosure action a judgment for the foreclosure and sale of the mortgaged properties, Plot No. 42, being a subdivision of Plot No. 42A of the Northside Homestead Development (Belvedere), consisting of 3.7715 U.S. acres; Plot No. 113 Cb of Estate Cane Bay, consisting of .072 U.S. acre; and Parcel No. 31 of Estates Rust-Up-Twist and Belvedere, consisting of 12.0 U.S. acres; all in the Northside Quarter B, St. Croix, was entered on October 28, 1967 by default after a number of extensions of time had been granted to defendant to answer or otherwise plead which it, ultimately, failed to do. The mortgaged properties were offered by the Marshal at public sale on February 13, 1968 and sold to the plaintiff, the only bidder, for $285,000.00.

The Marshal made return of his sale on August 13, 1968 but it has not yet been confirmed by this court. On November 12, 1968 the Marshal executed a deed to the plaintiff. Previously on February 26, 1968 the plaintiff had executed a lease of the mortgaged properties to the defendant to run until August 13, 1968, six months from February 13, 1968. By stipulation of counsel dated August 13, 1968 this lease was extended to October 13, 1968 and the defendant agreed that "its right of redemption will be terminated and barred after October 13, 1968."

■ Now before me for determination are the defendant's objections to the foreclosure sale and its motion for a resale and the plaintiff's petition for an order of confirmation of the sale nunc pro tunc as of February 26, 1968. Although the defendant's objections were not filed until February 21, 1969 they were filed before the plaintiff filed its petition for confirmation of the sale and I will consider them, since I regard the limitation of five days contained in 5 V.I.C. § 489(1) as directory only and the interests of justice demand consideration of the objections in this case.

The defendant's objections to the sale are (a) that the notice of the sale was inadequate, (b) that there was no competitive bidding, (c) that the mortgaged properties were sold as a unit although they consist of three separate noncontiguous parcels of varying topography, use, value and condition of improvements, and (d) that the sale price was grossly inadequate and purposely so bid by the plaintiff in order to obtain a deficiency judgment through which by execution it might obtain the furnishings and equipment of the defendant on the mortgaged premises.

■ The plaintiff argues that by the lease and stipulation to which I have referred the defendant has waived any objections to the sale as well as its right of redemption. I cannot agree. By the express terms of 28 V.I.C. § 290 the entry of a judgment on the foreclosure sale, which can only mean a judgment or order confirming the foreclosure sale, is a prerequisite to the conveyance of the property by the Marshal to the purchaser and to the right of the purchaser to obtain possession of the property sold. Such an order of confirmation is specifically provided for by 5 V.I.C. § 489 and it must be obtained before the purchaser can have title or possession.[1] On

---

[1] I note that 28 V.I.C. § 535 as amended provides that a mortgagor may redeem within six months *after confirmation.*

February 26, 1968 when the plaintiff purported to lease the properties to the defendant the latter had both title to and possession of them and the plaintiff had neither. There was thus a total lack of consideration for the promises which the defendant made in the lease and extended by the stipulation and I need consider them no further here except to conclude that they do not bar the defendant from prosecuting its objections to the foreclosure sale.

█ I turn, then, to consider the objections to the sale. The first which I consider is that the price was grossly inadequate. The bid by the plaintiff, the sole bidder, was $285,000.00, slightly less than the judgment with interest and costs. As the defendant points out, this left a deficiency of about $15,000.00 on the basis of which the plaintiff secured the issuance on May 24, 1968 of a writ of execution directed to the personal property of the defendant. Affidavits by John C. Waite, a St. Croix real estate appraiser, indicate a value of the real properties as of September 30, 1968 of $621,000.00, broken down as $410,000.00 for Plot 42, $111,000.00 for Plot 31 and $100,000.00 for Plot 113 Cb. The difference between the appraised value and the foreclosure sale price is thus $336,000.00, too substantial an amount to be ignored. Moreover I cannot regard it as mere coincidence that the plaintiff's bid was made in an amount just sufficient to enable it to secure through foreclosure and execution sale the defendant's real and personal property without having to pay any surplus to the defendant. I find that the sale price is so grossly inadequate as, together with the other substantial irregularities in the proceedings to which I shall refer, to injure the defendant and therefore to require the sale to be set aside and a resale ordered. 5 V.I.C. § 489(a).

█ I think, also, that the defendant's objection to the sale of all three parcels as a unit may well point to the

reason for the absence of any bidders except the plaintiff and the resulting inadequacy of price. For the three parcels are quite disparate in location, improvements and nature of use . It may well be that bidders who might be interested in purchasing one of the properties would not be interested in acquiring all three.[2] In this connection I note that Plot 42 is landscaped and improved with main buildings, guest houses and swimming pool suitable for tourist accommodation, that Plot 31 consists of unimproved ground with a fresh water well and Plot 113 Cb consists of about 400 feet of beach front about a mile and one-half from the other two properties. I conclude that it was substantially irregular to the prejudice of the defendant to sell the three parcels as a unit without also offering them separately. Thornberg v. Jorgensen, 3 Cir. 1932, 1 V.I. 606, 615, 60 F.2d 471; In re Roach, Del.Super. 1925, 130 A. 676. Accordingly, under the circumstances here present, on the resale which I shall order the three parcels will first be offered for sale separately, after which bids will be received for the three properties as a unit commencing with the plaintiff's bid of $285,000.00, 5 V.I.C. § 489(4), and the properties will be sold to the highest bidder as a unit if his bid exceeds the sum of the highest bids received for the separate properties, otherwise the separate properties shall be sold to the highest bidders for each, respectively. See § 6 of the Annotation to Gaskill v. Neal, 1956, 77 Idaho 428, 239 P.2d 957, 61 ALR2d 501, at pp. 534 et seq.

■■ Finally I agree with the defendant that the notice of sale was inadequate to produce a reasonable number of bidders which, in view of the intense activity in real estate on this island at this time, would have been

---

[2] It appears that the defendant on January 31, 1968 signed a contract with Cane Harbor, Inc., for the sale of Plot 113 Cb for $100,000.00 which could not be carried out because of the foreclosure.

expected to appear at the sale of such properties as these. Accordingly, upon resale the notice should give a more adequate description of the properties and their improvements. Since this irregularity may well have contributed to the failure to secure an adequate price it also is ground for setting aside the sale. Yost's Ex'r v. Coyle (No. 2) 1910, 226 Pa. 458, 75 A. 721; Levi v. Greer, 1912, 236 Pa. 475, 84 A. 917. As stated in 30A Am. Jur., Judicial Sales § 49: "The object of a notice of sale is to inform the public of the nature and condition of the property to be sold, and of the time, place, and terms of the sale, in order to attract bidders and prevent a sacrifice of the property." To this end I think that notice of the resale should be published not only in the *St. Croix Avis*, but also in the *Daily News* of the Virgin Islands and in the *Wall Street Journal* in New York once a week for four successive weeks.

I conclude, for the reasons stated, that the objections of the defendant to the foreclosure sale must be sustained and that a resale must be had.

An order will be entered sustaining the objections, setting aside the Marshal's sale of February 13, 1968 and the Marshal's deed of November 12, 1968, and directing a resale of the mortgaged properties in a manner not inconsistent with this opinion.