**THE BANK OF NOVA SCOTIA, Plaintiff**

**v.**

**HOTEL ROYAL DANE, et al., Defendants**

Civil No. 162-1973

District Court of the Virgin Islands

Div. of St. Croix

July 9, 1975

NICHOLS & SILVERLIGHT, ESQS. (IRWIN J. SILVERLIGHT, of counsel), Christiansted, St. Croix, V.I., *for defendant*

ISHERWOOD, COLIANNI, ALKON & BARNARD, ESQS. (JAMES H. ISHERWOOD, of counsel), Christiansted, St. Croix, V.I., *for plaintiff*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

In compliance with a Judgment and Order of Foreclosure entered by this Court on November 14, 1973, the United States Marshal sold the subject premises at a public auction on June 20, 1975. The highest bid received at said sale was in the amount of $70,001.00, made by Anthony Ayer. Plaintiff Bank of Nova Scotia has moved this Court

pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure for an order confirming the sale. Defendants Hotel Royal Dane, Inc., Hotel Royal Dane, Ltd., and B. Michael Rauh have objected to the confirmation of the foreclosure sale on two grounds: (1) that the property was sold at a sum far below its actual value; and (2) that the standards set forth in Lucerne Investment Co. v. Estate Belvedere, Inc., 7 V.I. 275 (D.C.V.I. 1969) (Maris, J.), were not complied with.

█ Defendants first contention must fail for lack of proof. It is clear that under certain conditions the inadequacy of the price alone can be a sufficient ground for refusing to confirm a sale and ordering a resale. However, the Court's discretion to do so should not be triggered unless competent evidence has been introduced by the objecting party which would indicate that the sales price was unreasonably low. At the hearing no estimates of value or appraisals by experts were offered by defendants. Indeed, defendants relied almost exclusively on the fact that at the first sale, a $106,000.00 bid on the property was received by a third party bidder. Even if it had been proved at the hearing that the $106,000.00 figure was more nearly representative of the fair market value of the property (and no such proof was attempted), I cannot conclude that a sales price of $70,000.00 is so grossly inadequate as to warrant a refusal of confirmation of sale.

█ Defendants next allege that the Marshal's failure to make available the terms and conditions of the sale prior to the morning of the sale deprived prospective purchasers of the ability to determine whether or not to bid; and that as a consequence of this deprivation, an inadequate price was received. This justification for the refusal to confirm the sale is derived from the Lucerne case, supra, wherein Judge Maris stated that:

[t]he object of a notice of sale is to inform the public of the nature

and condition of the property to be sold, and of the time, place, and *terms of the sale,* in order to attract bidders and prevent a sacrifice of the property.

Id. at 281. Read broadly, the foregoing purports to require that the terms and conditions of sale be set out in the notice of sale. In light of the large amount of space which the terms of sale would occupy in a notice of sale and the ever-increasing costs inherent in the publication process, I hesitate to apply the Lucerne mandates too literally. Nothing would be gained by inserting the boiler-plate variety conditions and terms in each and every notice of sale. Only the unusual or crucial terms need be published. Perusing the terms of sale in the case sub judice, none can be considered unusual. The most important term from the standpoint of a prospective purchaser would be Item No. 2, which requires ten percent (10%) down payment at the time of sale, and the balance to be paid within thirty (30) days thereof. This provision, all parties agree, was contained in all the notices of sale which appeared in the Wall Street Journal, the New York Times, the St. Thomas Daily News, and the St. Croix Avis. Although I do not condone the failure of the U.S. Marshal to have available the terms and conditions of the sale prior to the morning of June 20, 1975, I must nonetheless confirm the sale, at least in the absence of a showing on the part of defendants that they were in any way prejudiced by this failure.

### ORDER CONFIRMING SALE

In accordance with the foregoing Memorandum Opinion and the reasons set forth therein, it is hereby

ORDERED that the sale conducted by the United States Marshal on June 20, 1975, wherein the property was struck off to ANTHONY AYER for the sum of SEVENTY THOUSAND AND ONE DOLLARS ($70,001.-00) is hereby confirmed, and the Marshal can make and

deliver to the said purchaser a certificate of sale setting forth a description of the real property, the terms of the sale, and a provision that the property is subject to redemption for a period of six months after the date of this Order.