Senge, for use, *v.* Border et al. (Levin, Appellant).

Argued October 3, 1935. Before Frazer, C. J., Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*David R. Levin,* for appellant.

*George Walter Smith* and *George D. Wick*, of *Camp-bell, Wick, Houck & Thomas*, for appellee, were not heard.

PER CURIAM, November 25, 1935:

This is an appeal from the refusal of the court below to set aside a sheriff's sale of real estate. The sole question is the sufficiency of the description of the premises contained in the advertisements of sale.

Public notices of the sale appeared in the Pittsburgh Legal Journal and in newspapers of general circulation in the following form:

"Elizabeth Border and R. L. Border, owners or reputed owners.

"F. F. 876 April 1935. $9,920.21. Campbell, Wick, Houck & Thomas, Attys. Part Lot No. 40 St. Clair Plan, P. B. Vol. 14, P. 126, 11th Ward, Pgh., beginning at N. W. corner of St. Clair St. and Sniveley Way; thence northwardly along St. Clair St. 30 feet; thence extending eastwardly between parallel lines at right angles 110.93 ft. to Cassanova Way. Two-story brick dwelling, No. 708 N. St. Clair St. D. B. Vol. 1811, P. 423."

Appellant contends the above description of the property was defective and insufficient for the reason that it failed to indicate the dwelling was a duplex containing two separate apartments of five rooms and seven rooms respectively, and further that the advertisement gave no notice to the public and prospective purchasers of a garage on the property capable of accommodating two automobiles. Appellant complains that the sale price of $7,000 was inadequate because of this alleged misdescription of the premises. The lower court held the public advertisements of the sale gave sufficient notice of the character of the property to prospective bidders, and accordingly refused to set aside the sale. We are in accord with this ruling. Petitioner has made no offer either to bid a higher price for the property or to pro-

duce anyone who will bid a higher price than that for which the property was sold, if another sale be had.

The advertised description gives the exact dimensions of the property and the number of the street and ward of the city in which it is located. Moreover, the notice indicates that the lot is at the intersection of two named streets and for that reason improvements on the property would be plainly visible to any one inspecting it. See Home Buyers' B. & L. Assn. v. Peterman, 253 Pa. 418.

A refusal to set aside a sheriff's sale is within the sound discretion of the court below and will not be reversed in the absence of a clear abuse of discretion: Somerville v. Hill, 260 Pa. 477. The record before us discloses no such abuse of discretion.

The order of the court below is affirmed.