## American State Bank and Trust Company, for use, *v.* Mariades, Appellant.

Argued November 24, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Bresci R. P. Leonard,* with him *Wesley A. Moffat,* for appellant.

*William H. Eckert,* with him *Francis Taptich* and *Harold H. Herwitt,* for appellees.

OPINION BY MR. JUSTICE DREW, January 3, 1938:

Defendant filed in the court below exceptions to and a motion to set aside a sheriff's sale on a judgment con-

fessed on a bond accompanying a mortgage. After argument the motion was denied. He later applied for reargument and for the taking of testimony. This was also refused. The appeal followed.

Because no testimony was taken and since plaintiff by responsive answer denied most of defendant's allegations of fact *(Harr v. Bernheimer,* 322 Pa. 412; *Di Trolio v. Parisi,* 317 Pa. 507) the only relevant averments possibly open for our consideration are that the advertised description of the property was "fatally deficient," that the successful bid was "grossly inadequate," and that plaintiff, who bought the property, later directed the sheriff to draw the deed to a third party, who is now an intervening appellee.

On an application to set aside a sheriff's sale the court below has a broad discretionary power, reversible only for manifest abuse: *Hettler v. Shephard,* 326 Pa. 165; *Senge v. Border,* 319 Pa. 481. Its discretion here was wisely exercised. The sheriff's advertisement accurately located the premises by street and number, metes and bounds, and even stated distances from neighboring though not contiguous streets. The improvements listed were "4-story stucco frame hotel, 2-story frame restaurant, dwelling and garage." The buildings actually on the site are the hotel, a garage or repair shop, and a two-story building, formerly used as a restaurant and dwelling, but now as a tire shop and dwelling. The inaccuracy in describing the tire shop as a restaurant is, indeed, inconsequential. The improvements were sufficiently described for identification. It would have been impossible for anyone following the description and looking for the property not to have found it. So long as the location of the premises is accurately stated, minor misdescription of improvements is not enough to invalidate a sheriff's sale: *Senge v. Border,* supra; *Nutt v. Berlin Mining Co.,* 262 Pa. 417; *Home Buyers' B. & L. Assn. v. Peterman,* 253 Pa. 418. Where, as here, the location and character of the premises is described

so that no one is misled or deterred from bidding, it is enough: *Somerville v. Hill,* 260 Pa. 477; *Home Buyers' B. & L. Assn. v. Peterman,* supra.

Nor has gross inadequacy of price been shown, as it must be *(Watkins v. Justice,* 256 Pa. 37; see *Hettler v. Shephard,* supra) to warrant setting aside a foreclosure sale. The total of plaintiff's debt, costs, taxes, and water rents, was in excess of $8,800. Defendant alleged the property was assessed for taxation at $12,250. The disparity between these figures does not establish gross inadequacy of price even though the assessed valuation be considered conclusive, which of course it is not. Furthermore, it was not wrong or even irregular for plaintiff to have the sheriff make the conveyance directly to the intervening appellee. This is not evidence that an agreement not to bid or attend the sale was entered into. Indeed, it is not even alleged that there was any interference with the sale.

The principal object of the petition for reargument was to reopen the issues so that testimony might be taken. The court below was well within its power and had substantial reasons for refusing further to consider the case. Depositions could have been submitted on the original motion to vacate the sale. In fact rule 86 of the court below requires that they be submitted at that time. Considering this very rule, we have held a party may not complain when it is invoked against him: *Watkins v. Justice,* supra.

The defendant had ample opportunity to save his property from foreclosure. Taxes, water rent, and interest were so far in arrears they almost exceeded the principal debt. He had one stay of execution, was denied a second, and delayed until two weeks after confirmation to move to set the sale aside. He employed dilatory tactics throughout, and cannot complain that the grace of the court below was exhausted.

Order affirmed.