## Barton, to use, v. Moser et ux.

*Wade K. Newell*, for plaintiff.
*S. J. Feigus*, for defendants.

DUMBAULD, J., April 17, 1939.—The lead pencil copy of the levy made by the sheriff upon the real estate involved in this proceeding contains the following paragraph:

"1st. piece of land has upon it erected a 2 story frame dwelling house consists of 5 rooms, 2 car garage."

The advertisement by the sheriff in the several newspapers entirely omits this reference to the improvements upon the property.

The testimony shows that these improvements were placed upon the property by defendants at a considerable cost. A prospective purchaser interested in securing improved real estate could not have known by the adver-

tisement in the several papers that the property offered for sale contained these improvements.

We cannot say that the failure to describe these improvements in the advertisements did not deter possible bidders from attending the sale and thus affect the price at which the property was sold.

While the matter of setting aside a sheriff's sale is largely in the discretion of the court appealed to, we believe that it would amount to an abuse of discretion to refuse to set aside a sheriff's sale where the advertisements entirely omit reference to improvements such as are actually upon the property in question.

We need not discuss the question of the alleged inadequacy of the purchase price. Having decided that a proper use of discretion requires setting aside the sale on the ground of lack of proper description, the question of price will properly take care of itself at a subsequent sale, if such a proceeding follows.

We are aware of the trend of judicial decisions in the direction of refusing to set aside a sheriff's sale for lack of proper description, in the absence of a showing that the bidding was actually influenced by such misdescription. Under such circumstances as are here disclosed, we do not think that the reasoning of the opinion in Senge v. Border, 319 Pa. 481, applies. Our case is more like that decided by former Chief Justice von Moschzisker while presiding in the Common Pleas of Philadelphia, Montgomery v. Connor, 14 Dist. R. 77. See also Capital Bank & Trust Co., etc., v. Penn Finance Co., 42 Dauph. 271.

The rule to show cause why the sheriff's sale of the estate, made on December 5, 1938, at the above number and term, should not be set aside should be made absolute. This we do in the following

*Order*

Now, April 17, 1939, after hearing and upon consideration, it is ordered and directed that the rule heretofore issued, directed to Ruth Barton, the use-plaintiff,

to show cause why the sheriff's sale of real estate, made on December 5, 1938, at the above number and term, should not be set aside, be and the same hereby is made absolute and the sale aforesaid is set aside.