### In re McGREW.
### No. 21361.

District Court, W. D. Pennsylvania.
March 24, 1943.

Louis Vaira, of Pittsburgh, Pa., for Conciliation Commissioner.

James McGill Boyer, of Pittsburgh, Pa., for creditor Wm. P. Simmons.

Wm. J. Kenney and Stewart & Lewis, all of Pittsburgh, Pa., for creditor Francis R. Harbison.

Harry Eisenfeld, of Pittsburgh, Pa., for bankrupt.

SCHOONMAKER, District Judge.

On October 17, 1942, debtor filed a petition as a farmer for a composition or extension under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203.

On January 20, 1943, the Conciliation Commissioner filed a report recommending that the petition be dismissed because debtor was not a farmer. On February 16, 1943, creditors of debtor moved for confirmation of this report; and on February 27, 1943, debtor filed exceptions thereto. The case was then heard on this motion and debtor's exceptions.

The present petition of debtor is the second petition he has filed under Section 75 of the Bankruptcy Act. The first petition was filed May 11, 1937, at No. 19890 in bankruptcy. In that case we filed an opinion on July 10, 1941, holding that debtor was not a farmer within the provisions of the Bankruptcy Act, and dismissed the petition. Whereupon, debtor appealed to the Circuit Court of Appeals, and on March 23, 1942, that court affirmed the order of dismissal. See In re McGrew, 3 Cir., 126 F.2d 676, certiorari denied by U. S. Supreme Court on October 12, 1942, McGrew v. Simmons, 317 U.S. 646, 63 S.Ct. 39, 87 L.Ed. ——.

The Commissioner was of the opinion that the dismissal in the case at No. 19890 Bankruptcy barred debtor's right to proceed again with a new petition under Section 75 of the Bankruptcy Act. But we conclude, in view of the opinion of the Supreme Court filed January 4, 1943, in Wragg v. Federal Land Bank, 317 U.S. 325, 63 S.Ct. 273, 87 L.Ed. ——, that debtor was not barred by the dismissal of the first petition from filing a new petition to secure whatever relief the act would then afford him with reference to such property as he then had.

We therefore have to decide whether or not the facts have so changed since the dismissal of the debtor's first petition that he can now be classified as a farmer within the meaning of the Bankruptcy Act.

Briefly summarized, the facts found by the Conciliation Commissioner are these:

About 1905, debtor laid out a tract of land in Bethel Township, Allegheny County, Pennsylvania, into two building lot plans known as Library Acres, Plans Nos. 1 and 2, containing eighty-seven lots. These plans were recorded in the Allegheny County Recorder's Office in Plan Book Vol. 21, page 173, and Plan Book Vol. 22, page 128.

The debtor has sold twenty full lots and three half lots scattered throughout these plans. Streets have been as shown on the plans, some of which have been taken over by Bethel Township.

Debtor lives in a house built on one of the lots of these plans. He is a registered civil engineer and practised his profession in 1942. He testified that he earned in that profession, in 1942 to the date of the hearing before the Conciliation Commissioner, some $420, though it developed on cross-examination that he had concealed the payment to him of $45 received from surveying work in 1942. From this fact and the fact of his evasive answers to questions propounded to him, the Conciliation Commissioner concluded that his testimony as to the amount of his earnings in his profession as an engineer must be rejected as not stating the full volume of these earnings.

In 1941, debtor did no farming of any sort on these two plans of lots, not even cutting the hay that grew thereon.

In 1942, debtor hired a nearby farmer to plow some of the lots on these plans, and with the aid of a number of school children whom he hired, planted, cultivated and harvested a crop of tomatoes and peppers on this land, from which he realized approximately $1,000. He hired a nearby farmer to sow a small part of this land with buckwheat, but failed to harvest any buckwheat because it was ruined by frost.

The debtor's activity with respect to these operations was confined to supervision of the work and marketing the crop of tomatoes and peppers.

Debtor's schedules disclose very little farming equipment. He has a broken and unusable tractor; a set of tractor plows; a disc harrow (now in possession of the man who plowed the land and who is holding it as security for amount debtor owes him for plowing); a rake; a roller; a mowing machine and a road scraper (not usable in farming operations).

Debtor has no livestock, no barns or other buildings in which to house farming equipment, or any products of the soil. He resides in a house located on one of the lots in his lot plan.

On these facts the Conciliation Commissioner concluded that McGrew was not a farmer within the meaning of the Bankruptcy Act.

In our opinion this ruling was correct. McGrew's right to relief must be tested by Sec. 75, sub. r, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. r. See Benitez Sampayo v. Bank, 313 U.S. 270, 61 S.Ct. 953, 86 L.Ed. 1324. The term "farmer", as defined by this Act, includes "an individual who is primarily bona fide personally engaged in producing products of the soil."

The burden of proof rested upon debtor to show by the fair weight of testimony that he came within the purview of this statute. See In re Chaney, D. C., 39 F.Supp. 696, 700; McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. That he has failed to do.

We cannot find that debtor comes within the purview of this Act, because we cannot regard his primary occupation as that of a farmer. His primary occupation was that of a civil engineer. His farming operations in 1942 were secondary.

The fact that in one year he had plowed and cultivated a small part of his lands, which had been laid out in town lots, would not bring him within the Act when he still continued to work at his profession as a civil engineer. We do not have the situation present in First National Bank & Trust Co. v. Beach, 301 U.S. 435, 439, 57 S.Ct. 801, 81 L.Ed. 1206, in which the Supreme Court held that Beach must be regarded either as a farmer or as a man of leisure. In the instant case, debtor is a civil engineer, which we regard as his primary occupation.

Our conclusion is that the debtor has not, by reason of his activities in 1942, brought himself within the classification of a farmer, as defined by the Bankruptcy Act; that his exceptions to the report of the Conciliation Commissioner must be overruled; that the report of the Conciliation Commissioner must be confirmed; and that the debtor's petition must be dismissed.

Orders may be submitted accordingly on notice to debtor's counsel.