On September 7, 1943, this court, consisting of Judges ROWAND, EGAN and O'TOOLE, sitting as a court en banc, made an order dismissing exceptions of Edward McGrew, one of the defendants, to a Sheriff's sale and directed the Prothonotary to confirm the Sheriff's Deed. This was done after a short argument, but no opinion was filed at that time.
We have received notice that an appeal has been taken by defendant and, in compliance with Supreme Court Rule 58, we file this Memorandum Opinion.
The action in our court is on an execution issued on a judgment had by the plaintiff against John McGrew and Edward McGrew. Sale of the property was made after a number of postponements, which will be recited later. The defendant, Edward McGrew, has filed exceptions averring that advertisement was not properly made; that the bid was grossly inadequate; and that, John McGrew having died, the Administrator was not warned by scire facias in accordance with the Act of 1917.
As brief a history as we can recite of this case, is as follows:
On May 11, 1937, Edward McGrew filed in the District Court of the United States, for the Western District of Pennsylvania, a petition as a farmer bankrupt under section 75 of the Federal Bankruptcy Act; this petition was dismissed, at the instance of plaintiff, on July 10, 1941 for the reason that Edward McGrew was not a bonafide farmer. At that time plaintiff was free to proceed to collect upon his security and instituted the present foreclosure proceedings.
Edward McGrew appealed the decision of the United States District Court to the Circuit Court of Appeals. While this appeal was pending the defendant presented a petition to stay the proceedings in this court and Orders were made on September 3, 1941 and September 17, 1941. These Orders were prepared by McGrew's then *Page 306 
attorneys and provided that stay should be made without necessity of further advertisement.
The Circuit Court of Appeals affirmed the decision of the District Court March 23, 1942 and an order was made at that time by this court that the property should be disposed of by sale without further advertisement.
Defendant, Edward McGrew filed a petition for certiorari to the Supreme Court of the United States and being so advised this court, on petition, again granted a stay on April 30, 1942, on order prepared by counsel for defendant, providing therein that this stay should be without necessity of further advertising.
The Supreme Court of the United States denied the petition for certiorari and, on October 12, 1942, this court again ordered that the property be disposed of by sale. Immediately following, or five days after, to wit, on October 17, 1942, the defendant again filed a petition as farmer bankrupt in the District Court of the United States for the Western District of Pennsylvania, and again the defendant, through his counsel, asked this court for an order to stay proceedings, which order was granted.
On March 25, 1943 the District Court again dismissed McGrew's petition as farmer bankrupt for the reason he was not a bonafide farmer, and again this court ordered the property be disposed of by sale, without further advertising. Defendant again appealed the decision of the District Court to the Circuit Court of Appeals and this court, on April 30, 1943, entered an order, as prepared by counsel for defendant, postponing this sale without necessity of further advertising.
The Circuit Court of Appeals refused to grant the petition of defendant for an injunction against the sale. While this matter was pending in the Circuit Court of Appeals the defendant again filed a petition in bankruptcy under Chapter 12 of the Bankruptcy Act for real property arrangement, and on May 7, 1943 the District Court entered an order staying the Sheriff's sale. This *Page 307 
order was vacated, however, on May 8, 1943 and thereupon this court entered an order, May 8, 1943, to proceed by sale without further advertising.
The sale was held May 10, 1943 and the plaintiff bid the property in on bid of $667.80 covering costs and taxes, which previously had not been paid; this property was subject to 1942 and 1943 County taxes and 1943 School taxes, aggregating $349.25.
The defendant again, on July 2, 1943, filed a second appeal to the Circuit Court of Appeals from the order of the District Court dismissing his petition as filed under Chapter 12; both appeals were dismissed by the Circuit Court of Appeals, the first on August 13, 1943 and the second on August 18, 1943.
The record shows that defendant, Edward McGrew, had paid no taxes on this property from 1930, and made no payment on the interest or principal of said debt.
As has been recited, the three reasons for setting this sale aside are as follows: First, the sale was not advertised. This position is untenable. On each of the orders of this court, staying the sale at the instance of the then counsel for defendant, it was provided that the sale should be stayed without further advertising. It is undisputed that the first advertising was properly and legally made. We believe under the circumstances, there is no merit to this exception. Each time an order was made, as we have said, it was at the request of counsel for defendant and for the purpose, no doubt, of saving expenses to the defendant. Our records will show that this defendant has been more than fairly treated. He is now his own counsel and has appeared in court different times as his own counsel.
We will say at the outset that defendant had reputable counsel representing him. The reason he is now without counsel is beyond our knowledge.
The second exception is that the bid is grossly inadequate. There is no merit to this exception. The court has a right to exercise its discretionary power in setting *Page 308 
aside a Sheriff's sale. We need only recite the case ofAmerican State Bank and Trust Company v. Mariades, 328 Pa. 428, at page 431: "The defendant had ample opportunity to save his property from foreclosure. Taxes, water rent, and interest were so far in arrears they almost exceeded the principal debt. He had one stay of execution, was denied a second, and delayed until two weeks after confirmation to move to set the sale aside. He employed dilatory tactics throughout, and cannot complain that the grace of the court below was exhausted."
It is very readily seen that the dilatory tactics resorted to by defendant, Edward McGrew, in the instant case far exceeds the case above quoted. These tactics have caused delay of upwards of six years. McGrew is protected by the statute as against any deficiency judgment arising merely from the bid.
The third exception is that John McGrew, brother of Edward McGrew, defendant, having died December 3, 1941, that his Administrator was not warned by the scire facias. We need only refer to the record to show that Richard R. McGrew, Administrator of the Estate of John McGrew, executed and filed a waiver of issuance of scire facias; and it is further to be noted that John McGrew died, as we have said December 3, 1941, several months after the issuance of the writ of execution in the present case; that the record further discloses that John McGrew is merely a formal defendant in the instant case, as the record shows Edward McGrew, in 1918, foreclosed upon and bought the interest of John McGrew he then had in the property here involved.
We therefore are of the opinion that the court en banc was right in dismissing defendant's exceptions to the Sheriff's sale, and directing the Prothonotary to confirm the Sheriff's deed.