**In re McGREW.**

**No. 21514.**

District Court, W. D. Pennsylvania.

Oct. 20, 1944.

No attorneys.

GIBSON, District Judge.

On May 11, 1937, Edward McGrew, with a foreclosure threatened, filed a petition as a farmer under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. This petition was dismissed by the District Court because it was established that petitioner was not a farmer. Following the dismissal a mortgagee instituted foreclosure proceedings. McGrew thereupon appealed and the Circuit Court of Appeals sustained the judgment. In the meantime the mortgagee had been enjoined from proceeding by the Court of Common Pleas, although no bond had been posted for a supersedeas. The stay was granted upon petition of McGrew.

The Circuit Court of Appeals, 3 Cir., 126 F.2d 676, affirmed the judgment of this court on March 25, 1942, and the Court of Common Pleas ordered the sale of the property without further advertising. Then followed a petition for certiorari to the Supreme Court of the United States and a further stay of the execution by the Court of Common Pleas. The Supreme Court, 317 U.S. 646, 63 S.Ct. 39, 87 L.Ed. 520, denied the petition, and the Court of Common Pleas again ordered the sale.

The certiorari was denied on October 12, 1942, and on October 17, 1942, McGrew filed another petition under Section 75, and again the Court of Common Pleas stayed the execution. On March 23, 1943, the District Court, 51 F.Supp. 403, again dismissed McGrew's petition on the ground that he was not a farmer and again the Common Pleas Court ordered the sale. Appeal to the Circuit Court of Appeals followed and another stay. While this appeal was pending another petition was filed under Chapter 12 of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq., for a real property arrangement, and this time the District Court stayed the Sheriff's sale, but on May 8, 1943, the court vacated that order and the Court of Common Pleas proceeded with the sale on May 10, 1943.

The District Court denied the petition under Chapter 12, and from this order McGrew appealed. On August 13, 1943, the Circuit Court of Appeals dismissed the appeal filed under Section 75, and on August 18, 1943, the appeal under Chapter 12. On December 23, 1943, a petition was filed to reinstate the appeal under Chapter 12, which was refused.

By this time McGrew had warmed to the battle and entered an appeal in the Pennsylvania Supreme Court, Elliott to Use of Harbison v. McGrew, 349 Pa. 303, 37 A.2d 185, to set aside the sale of the property upon the Common Pleas writ. Upon defeat there he sought a writ of certiorari in the United States Supreme Court, which was refused. 65 S.Ct. 75.

With another execution on the way, Edward McGrew appeared in the Office of the Clerk of this court in August and proposed to file a petition under Number 19890 in Bankruptcy. This petition was for an arrangement under Chapter 12. After being informed that the case under that number was closed, and after disputing the declaration of the Clerk to this effect and her statement of the amount of the filing fee necessary in a new proceeding, the matter was submitted to me for consideration. Up to this time I had practically no knowledge of Edward McGrew's use of the District Court. Upon looking into the matter I had the Clerk write him that the case at No. 19890 was definitely closed. Several days ago he again appeared before me and sought to file under a new number the Chapter 12 arrangement which in August he tried to file under No. 19890. A separate petition, which contained no schedules, was filed with the No. 19890 petition with the old number erased. The schedules attached to the former No. 19890 petition

disclose several statements which are not in accordance with the facts.

It is plain that Edward McGrew has used this court and its process as a means of hindering his secured creditors and throwing doubt upon their titles when they have finally secured them under executions. I feel that his heretofore successful efforts must come to an end and that he must not be permitted to delay and throw doubt upon the titles of his secured creditors by constant repetition of matters already properly decided against him and by unprosecuted appeals thereon.

I am perhaps not allowed to refuse the right to file the petition, lacking in form and true presentation of facts as it is, but shall refuse to make the order, set forth in the former No. 19890 petition and now reiterated, which purports to recite that it is approved by the court as properly filed.

And now the petition of Edward McGrew having been filed for a proposed arrangement with secured creditors under the provisions of Chapter XII of the Bankruptcy Act, upon consideration thereof, the court, being of opinion that said petition was not filed in good faith and is imperfect in form, hereby refuses to approve the same as properly filed under said Chapter XII, and orders that it be dismissed.