## Orlando v. Butler & Orlando

*George H. Class*, for plaintiffs.
*Albert J. Crawford, Jr.*, for defendants.

ERVIN, J., October 25, 1945.—Three of the defendants presented a petition for a rule to show cause why a writ of levari facias should not be stayed, upon which a rule was granted, returnable forthwith, and both sides have furnished briefs on the question involved. The rule must be made absolute.

Defendants' brief alleges that they are the real owners of a property in Delaware County upon which a mortgage is being foreclosed but the advertisement for the sheriff's sale describes the property only as "stone building, tin covered building and lot"; that the said property is a stone quarry which has been excavated and worked for a period of years and that the advertisement should have given such notice in order to make the description a proper one. It was stated in Barton v. Cramer, 44 Pa. C. C. 218 (syllabus) :

"It is the object of a description of real estate in an advertisement of sale to give full notice to the public so as to arrest the attention and excite the inquiries of all who are able and disposed to purchase. It must be appropriate to the premises to be sold. Whatever, therefore, constitutes a peculiar and valuable feature of the property ought to be specified in order to make the description a proper one, since the omission may always be considered as injurious by the consequent failure of a general attendance and a fair sale.

"The court will require a sale to be made in such manner as to produce the most money, and at the same time protect the rights and equities of prior purchasers, and an execution will be stayed until the description of

the land, the advertisement thereof, and the manner of sale, shall be such as to bring about that result."

In that case the premises to be sold contained a greenhouse and the land carried with it an easement to take so much steam from a steam pipe as was necessary to heat the greenhouse. Accordingly, the court stayed the execution until proper advertising was had.

In Light v. Zeller, 195 Pa. 315, a sale was set aside where a church property was sold but the advertisement failed to reveal that there was a well of water on the premises and an apartment in the basement for the janitor and his family. The court held that it was unusual to have a portion of the church building set apart and used as a residence and that notice should have been given of the same.

We have examined the cases cited by plaintiffs where descriptions of real estate have been held adequate but we feel that they are distinguishable. In two of them, Home Buyers' B. & L. Assn. v. Peterman, 253 Pa. 418, and Senge, for use, v. Border et al., 319 Pa. 481, the objection was the failure of the advertisement to state that the property contained a garage. It is not unusual for properties to contain garages but it is unusual for a quarry to be sold. The other cases cited are similar in principle.

Furthermore, in all the cases cited by plaintiffs the application was not made until after the sale had been held and the question was raised on a petition to set aside the sale. In the present case defendants have acted promptly and we feel that they are entitled to the relief prayed for.

### Order

And now, to wit, October 25, 1945, it is ordered and decreed that the return day of the writ of levari facias in the above entitled case be and the same is hereby continued until the fourth Monday of November 1945 and plaintiffs are directed to readvertise the sale of the property in accordance with the true nature of the premises.