## Weitz v. Anderson

*Francis R. Lord,* for plaintiff.

*I. B. Sinclair,* for defendant.

JEROME, J., February 24, 1971.—This is a petition to set aside a sheriff's sale held by the Sheriff of Delaware County, Pa., on July 24, 1970. Pursuant to said petition, a rule was granted on August 11, 1970, to show cause upon plaintiff why that sheriff's sale should not be set aside and on February 24, 1971, after hearing, said rule was discharged.

Lena W. Anderson, defendant herein, on January 10, 1966, executed a mortgage for $8,000 in favor of the Continental Bank and Trust Company, mortgagee, and said mortgage is recorded in the Office of the Re-

corder of Deeds for Delaware County in Mortgage Book 2739, Page 1085. The mortgage pledged as security for the loan the property described therein, containing 9.141 acres, more or less, located in the Township of Birmingham, County of Delaware, and Commonwealth of Pennsylvania. The aforesaid mortgage was in default on February 1, 1970, defendant having failed to make the payment for that month and having failed since that time to make any other payments. On May 5, 1970, the mortgage, together with the bond and warrant, were assigned to plaintiff herein, William N. Weitz. While the mortgage was in default and without notice to the mortgagee or assignee by deed dated February 12, 1970, and recorded in deed book 2364, page 1144, etc., defendant conveyed to her son, Earl F. Anderson, Jr., a portion of the mortgaged land, said portion approximating 2.002 acres in size. The deed from defendant to her son recited as its consideration the sum of $1 and the affidavit of value filed with said deed, which affidavit was sworn to by defendant, indicated that the 2.002 acres conveyed had a value of $5,000.

Employing the confession of judgment rule of Pennsylvania Rule of Civil Procedure 2950, et seq., plaintiff, on June 17, 1970, filed a complaint under Pa. R. C. P. 2952 along with a request for a confession of judgment in the total sum of $5,865.99. Judgment was entered upon the complaint pursuant to Pa. R. C. P. 2955 and in accordance with Pa. R. C. P. 2958 plaintiff sent defendant within 20 days of entry of judgment, notice, at her last known address, Box 97A, Chadds Ford, Pa., setting forth the date, the court, term and number and the amount of the judgment. A copy of this notice of entry of judgment was filed of record by "Affidavit of Mailing Notice" pursuant to Pa. R. C. P. 2958 and forms a part of the record papers.

A praecipe for a writ of execution of real estate was

filed and the writ of execution was issued against defendant, Lena W. Anderson, and requested the sheriff's sale of the entire mortgaged premises of approximately 9.14 acres. In accordance with Delaware County Rules of Court 702 and 703, plaintiff filed a certificate of record, averring notice pursuant to Pa. R. C. P. 2958 and Delaware County Rule of Court 702, alleging that notice was given of the date, time and place of the sheriff's sale scheduled for July 24, 1970. Again, notices directed to defendant were to her last known address, Box 97A, Chadds Ford, Pa.

The sheriff's sale was held as scheduled and, after spirited bidding, starting with the bid of $1 and the next bid being $5,000 and then successively 173 bids until the final sale price of $22,500 was reached. Plaintiff was the successful bidder at this bid price and the number of bids is recorded on plaintiff's exhibit P-6, which was the sheriff's handbill used at the crying of the sale to record the bids.

On August 11, 1970, a petition was filed to set aside the sheriff's sale of July 24, 1970. A hearing was conducted on the issues raised by said petition before the Hon. James H. Gorbey on September 22, 1970. Thereafter, and before the case was decided, the Hon. James H. Gorbey resigned as judge of the Court of Common Pleas of Delaware County to accept an appointment as a Federal District Court Judge, Eastern District of Pennsylvania. Since the parties did not agree that another judge of this court could reach a decision upon the record made before Judge Gorbey, a hearing de novo was scheduled before the writer of this opinion, which hearing was held on January 20, 1971. See Hyman v. Borock, 211 Pa. Superior Ct. 126.

Defendant advances three reasons why the sheriff's sale of July 24, 1970, should be set aside. She argues first that she received no notice of that sale. She ar-

gues next that the property to be sold was not described properly in the writ of execution or in the handbills which were to be posted by the sheriff in conjunction with the sheriff's sale. Finally, she argues that the price for which the property was sold at the sheriff's sale was so grossly inadequate as to require this court to set that sale aside.

The claim of lack of notice breaks down into two categories: (A) Notice as required by the Pennsylvania Rules of Civil Procedure, and (B) notice as required by the Delaware County Rules of Court. The applicable Pennsylvania Rules of Civil Procedure are rules 2958(a) and 3129, particularly subsections (a) and (b). The applicable Delaware County Rule is No. 703.

Essentially, Pa. R. C. P. 2958(a) and Delaware County Rule 703 provide for the giving of notice to defendant by mail. A careful examination of these rules indicates that it is the giving of notice which is required and that plaintiff is not put to the test of showing that notice was received. In other words, plaintiff complies with these rules when he shows that he had mailed the appropriate notice and he need not show that defendant has received the notice. The record clearly indicates by the affidavits which are part of the record papers that plaintiff did so mail the appropriate notices and there is not one word of testimony before the court to indicate or suggest the contrary.

A good portion of defendant's case was devoted to showing that she did not receive the notices which are required by the rules to be sent. In this connection, it is strange that defendant apparently received all other mail during this period of time which was sent to her, but mail concerning the proposed sheriff's sale was never received by her. Admittedly, the address to which the notices were mailed at Box 97A, Chadds

Ford, Pa., was her proper address at the times in question, it being the address of the mortgaged premises. This address was where defendant had lived for some period of time until approximately the end of May 1970, when she moved to Coatesville, Pa. The Chadds Ford address was the only address of defendant known to the mortgagee and the record indicates that defendant did not notify the mortgagee at any time of her change in address.

The notice required to be sent by Pa. R. C. P. 2958(a) was sent by ordinary mail and was never returned to the sender. Since the record indicates that said letter was properly addressed and posted, the presumption arises that the notice contained therein was, in fact, received: Harper v. Quinlan, 159 Pa. Superior Ct. 367. The notice required to be sent by Delaware County Rule 703 was sent by certified mail and was returned not removed but "unclaimed."

As to Pa. R. C. P. 3129, defendant does not deny compliance with the requirements of that rule other than challenging the giving of notice of the sale of real property by posting by the sheriff upon the property to be sold at least 10 days prior to the scheduled sale. Defendant offered to show that the property had not been so posted by the testimony of witnesses who stated that they were on the mortgaged premises in the periods from July 10th to July 24th when the mortgaged premises would have contained the handbills. These witnesses stated they did not, in fact, at those times see such handbills. The testimony of these witnesses may be characterized as negative testimony.

For plaintiff, Deputy Sheriff Mongiello testified that he posted the mortgaged property in two locations. He testified that he posted handbills on the property of defendant, one being on the door of the dwelling, which is located on the property, and the other on a tree about 50 or 60 feet from the street frontage. The

testimony of Deputy Sheriff Mongiello was corroborated by Deputy Sheriff Ellis, who testified that he accompanied Deputy Sheriff Mongiello for the purpose of and on the occasion of the posting of the mortgaged premises. This testimony may be characterized as positive testimony. Where negative testimony is contradicted by positive testimony, this court chooses to accept the positive testimony, particularly in light of the presumption that official acts or duties are, in the absence of evidence to the contrary, presumed to have been properly performed. See National Bank of Chambersburg v. Nitterhouse, 18 D. & C. 2d 505.

In summary, on the issue of lack of notice for the reasons heretofore expressed, the court accepts and believes the testimony of plaintiff's witnesses and finds that plaintiff has complied with the aforesaid applicable rules governing the giving of notice.

Defendant next alleges that the mortgaged premises which were to be sold at the Sheriff's Sale were improperly described. All of the approximately 9.14 acres of defendant were subject to the lien of the mortgage and when she conveyed in February of 1970 approximately 2.002 acres of said mortgaged premises to her son, the conveyed premises were still subject to the lien of the mortgage. Thus, the alleged misdescription is in describing the mortgaged premises as being approximately nine acres instead of seven acres. How this worked to the disadvantage of defendant is not apparent to the court, for prospective bidders would believe that they were bidding on a larger acreage and, therefore, their bids would presumably be higher than in bidding for a lesser acreage. Since the property conveyed to the son was subject to the lien of the mortgage, no effort has been made by defendant to show that the conveyed property could not, in fact, have been the subject of a sheriff's sale.

An analysis of the cases dealing with property which

was misdescribed shows that the courts were dealing with instances where either property which could not properly be included in the sheriff's sale was mistakenly included or less property was described as being offered for sale than was actually to be sold at the sheriff's sale. In those cases, such misdescription would affect the price bid at the sale by tending toward lower bids, but, here, in the instant case, the only effect would be to attract a higher bid. Under the circumstances, the court finds that there was no material misdescription such as would work to defendant's disadvantage or such as would tend to produce lower bids.

Restated, it appears that the cases involving the setting aside of sheriff's sale because of a misdescription in the advertisement have involved situations where it is apparent that buyers have been misled, prices held down or something omitted from the advertisement which would be of substantial value if potential buyers were aware of it. Where, however, the improvements and the acreage are sufficiently described and identified and prospective purchasers are not misled, then no material misdescription as would tend to affect the validity of the sheriff's sale will be found. It is obvious in this case from plaintiff's exhibit P-6, which is the handbill used by the sheriff in conducting the sale, that no purchasers were misled because the handbill shows that there were 175 bid prices before the eventual sale price of $22,500 was reached. See American State Bank and Trust Company v. Mariades, 328 Pa. 428; Home Buyers' Building and Loan Association v. Peterman, 253 Pa. 418, and Lyle v. Armstrong, 235 Pa. 224. Accordingly, the court finds no merit in defendant's contention of material misdescription.

As her final reason for setting aside the sheriff's sale, defendant alleges the gross inadequacy of the price bid at the sheriff's sale for the mortgaged premises. It is to be noted that it is *gross* inadequacy of price which must be shown and not merely inadequacy of price.

Located on the mortgaged premises are three buildings, two of which are sheds in poor condition and the remaining is a single-family dwelling, two stories in height, composed of a combination living room and kitchen on the first floor and one bedroom on the second floor. Essentially, then, the dwelling is a two-room building and it is, according to the defendant's own witness, in poor condition.

In an effort to show the market value of the premises which were sold at the sheriff's sale on July 24, 1970, defendant called an expert witness who is qualified as a real estate appraiser. He concluded that the entire 9.14 acres together with the buildings located thereon had a market value of $43,000. The mortgaged premises were zoned for residential use and in arriving at his market value, the witness apparently used the market data approach by comparing the subject property to other properties in the area. However, a careful examination of the properties which were used for comparison purposes indicates that they were not really similar to the property in question. In one instance, the witness referred to property which was commercially zoned and in the other instances, he referred to properties which contain substantial improvements on the land.

Other testimony as to value indicated that the property was originally acquired by Defendant in 1950 for $5,856. Defendant's son testified that the approximate two acres which were conveyed to him for $1 were,

in fact, compensation to him for $3,000 in work which he did on the dwelling which was located on the portion conveyed to him. In the affidavit of value filed in conjunction with recording of the deed to the son, defendant, Lena W. Anderson, indicated that the value of the approximate two acres, including the dwelling, was $5,000. For the year 1970, the entire mortgaged premises were assessed for real estate tax purposes at $6,200.

Finally, the sheriff's sale, in which there was open and spirited bidding, produced a price for the entire mortgaged premises of $22,500.

Weighing the opinion testimony of appraiser as to the market value of the mortgaged premises against the other testimony as to value which was offered, this court cannot conclude that there was a gross inadequacy of price. See Fidelity Bank v. Pierson, 437 Pa. 541.

In cases such as this, the court is concerned with any indications of fraud, collusion, overreaching and the impeding, discouraging or limiting bidding at a sheriff's sale. There was no proof of fraud, collusion or overreaching in this case. The court is also satisfied that there was no lack of notice nor material misdescription such as would limit, impede or discourage bidding at the sheriff's sale. The bidding in this case exceeded the nominal price which properties sold at sheriff's sales usually bring, and the sheriff's handbill clearly shows that there was spirited bidding at this sale. Thus, the court finds that the sheriff's sale of July 24, 1970, was a free and open sale and under these circumstances, the court accepts as the best evidence of what a property is worth, what it brings at such a free and open sheriff's sale.

It was for the foregoing reasons that the court entered its order of February 24, 1971, discharging the

rule to show cause why the sheriff's sale of July 24, 1970, should not be set aside.