## Penn Security Bank & Trust Co. v. Matchulat

*Paul A. McGlone,* for plaintiff.
*James T. McHale, Joseph T. Wright, Jr.,* for defendants.

MUNLEY, *J.,* December 5, 1983—Before the court is defendant-petitioner's request to set aside a sheriff's sale pursuant to Pa.R.C.P. Rule 3132 provides as follows:

"RULE 3132. Setting Aside Sale

Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances."

Petitioners have presented several arguments wherein they complained that a gross inadequacy of price was obtained at the execution sale, that there were irregularities in the notice of the sheriff's sale itself and that respondent bank made fraudulent representations to the defendant-petitioners. Respondent denies each of these complaints and charges that defendant-petitioners were themselves guilty of laches.

We find based on a careful review of this record no merit in the petitioner's complaints and an appropriate order will be entered discharging their rule.

The facts established that the bank approved a mortgage in 1976 for petitioners, on a property owned by them individually, and located in Springbrook Township. The amount of the mortgage indebtedness was $41,500. It appears that the bank instituted an action to foreclose on the mortgage, on August 7, 1980, as a result of petitioner's failure to make their required payments on the mortgage obligation. At the time of the institution of foreclosure proceedings defendant had been in default on their mortgage for over a year.

On October 19, 1981, the bank praeciped the court to enter a judgment against petitioners, damages were assessed in the amount of $28,502.48 and then respondent praeciped the clerk of judicial records to issue a writ of execution for that amount. The original sale was scheduled and advertised to be held on November 17, 1981 but it was postponed until the next regularly scheduled sale, December 22, 1981, at the request of petitioners' attorney, who was present at the November 17, 1981 proceeding. On December 22, 1981, the sheriff's sale was conducted, no interested buyers appeared to bid on the property, and respondent bank purchased the property with a bid in the amount of $31,468.03, representing costs and delinquent taxes.

Following the sale the sheriff filed its schedule of distribution of proceeds on December 22, 1981. No exceptions, objections, nor any petition to set aside the sale was filed by petitioners, until June 4, 1982 when they obtained the rule to show cause why the December 22, 1981 sale should not be set aside.

The applicable legal principles are well established; the burden of proof in proceeding to set aside a sale is generally said to be on the applicant; the applicant must establish his claim by clear proof and by a preponderance of the evidence. To set aside an execution sale on the basis of fraud, it is petitioner's burden to establish the fraud by clear, precise and indubitable evidence. Charles v. Smith, 29 Pa. Super. 594 (1905); Bankers Bond Mortgage Company V.I.H. Corp., 53 Del. Co. Rep. 473 (1966); 13 Stand. Pa. Prac. 2d §76:75; and of course there is a presumption in favor of regularity under the circumstances Id. Section 76:88. The determination of an application to set aside an execution sale rests largely in the discretion of the court and that decision will not be set aside in the absence of a manifest abuse of discretion. Id. Section 76:76.

"Mere inadequacy" of price is not sufficient in itself to warrant setting aside an execution sale but a "grossly inadequate" price will support a sufficient basis for such action, Union Bank v. Turnbull, 17 Craw. Co. Leg. J. (Pa.) 317 (1982); 9 Goodrich Amram 2d, at page 341, Section 3132:2, a sale will not be set aside for minor deviations in the advertising unless there is evidence adduced by the Petitioner that persons were actually mislead or deterred by the misdescription or that it resulted in a great inadequacy of price. Id. Section 3132.4; 13 Stand. Pa. 2d §76:61.

We have reviewed the depositions as well as the changed subdivision requirements in Springbrook Township and have taken into consideration the market value of property as opined by the various experts and we find that the price obtained was not unusual under the circumstances. The alleged inadequacy of price does not appear to be so "gross" as to impel the court to call upon the interposition of

the hand of equity by way of setting aside the sale. The price obtained was over 50 percent of the fair market value as established by the Appraiser, Frank Mikuta, and Petitioners bring forth no prospective bidders nor any evidence of other offers to secure a better price at another sale.* Without some assurance of a substantially higher bid, the assumption that a higher price could be obtained is pure speculation. See Shimkus v. Klimatis, 377 Pa. 546, 105 A.2d 592 (1954). And on mere speculation we are not justified in cancelling the sale. Senge v. Border, et al., 319 Pa. 481, 181 A. 509 (1935); Pennsylvania Co. for Insurances on Lives and Granting Annuities v. Broad Street Hospital, 354 Pa. 123, 47 A.2d 281 (1946).

Furthermore with respect to the asserted error in the description, there appears to be sufficient information to put any prospective bidder on notice as to the location and the general nature of the property subject to the sale. There is also no evidence adduced by petitioner that any persons were actually misled or deterred by the alleged misdescription and therefore we can find no merit in the petitioner's complaint.

Next Petitioner complains that there was no advertisement with respect to the December 22, 1981 sale.

Pa.R.C.P. 3129 (d) provides:

"If the sale is stayed or continued or adjourned generally, new notice shall be given as provided by

---

* The bid price of $31,469.03 was also $9,000 in excess of the properties assessed violation of $22,085.00. See State Capital Savings and Loan Association v. Adams, 63 Lacka. J. 161 (1962), where this court states at 166, "[t]he bid process was approximately equal to the assessed valuation for real estate tax purposes, again not a conclusive valuation figure but significant" (emphasis supplied).

subdivisions (b) and (c). If the sale is continued or adjourned at the direction of the plaintiff to a date certain within forty-five (45) days, and public announcement of the adjournement and new date is made to the bidders assembled at the time and place originally fixed for the sale, no new notice shall be required, but there may be only one such continuance or adjournment to a date certain without new notice."

The November 17, 1981 sale was properly advertised. The record indicates petitioner's attorney was present at that time and requested a postponement of the proceeding. The postponement was granted until the next regularly scheduled sale, December 22, 1981. Under these circumstances, the provisions of Rule 3129 (d) prevail and no new notice was required.

We also think that there is serious question of the timeliness of petitioner's application. The sale was originally scheduled for November 17, 1981, at petitioner's request the sale was postponed and then held on December 22, 1981. Petitioners never objected until they obtained their Rule on June 4, 1982, approximately six months later. It is said, [A] party dissatisfied with a sheriff's sale must except to the schedule of distribution within ten (10) days, or except to the sheriff's deed within ten (10) days. If he fails to meet these time limits, his application will be dismissed as out of time." 9 Goodrich Amram 2d at Pg. 339, §3132:1.

Furthermore commentaries to the Rules of Civil Procedure found in Goodrich Amram, Id., provide as follows:

"Section 3135:2 Relationship to other Rules; time sequence

It is important to note the time sequence contemplated by Rule 3135 in conjunction with other

execution Rules, for the rights of the execution purchaser and third persons will be determined thereby. No later than 30 days after the sale of real property, the sheriff is to prepare and file for inspection in his office a schedule of proposed distribution of the proceeds. The 10 days which follow the filing are of significance to all persons interested in the sale. During that period, and no later, objections may be filed to the proposed schedule. A petition to set the sale aside may also have been filed within that period. If, at the expiration of the ten days after the filing of the schedule of distribution, no such petition is filed, the machinery of Rule 3135 will come into play, and the sheriff must execute and acknowledge before the prothonotary a deed to the real property sold . . ."

A reading of these commentaries decribe how the Rule contemplates the expeditious filing of any objections within ten days of the scheduled distribution. One of the principle purposes of requiring promptness by an objector is to guard against the prejudices which may befall the purchaser or a third party and their intervening rights because of laxity. 15 P.L.E. Executions §125 (1959). The record here reveals that in April, 1982, four months following the sheriff's sale, respondent bank entered into an agreement with a third party for the purchase of the premises for a consideration of $60,000. It becomes evident that our ordering of the resale of the property would involve legal entanglements over this purchase agreement as well as have a substantial impact on respondent's property rights acquired at the sale. It would appear that the six month delay, in light of the charges of fraudulent conduct, obtaining a grossly inadequate price and failure to comply with the notice requirements, that both counsel and petitioners were guilty of laches.

The delay here was significant, particularly in light of petitioner's charges, and now must be considered in light of the prejudicial impact it may have on the intervening rights of respondent and its purchasers. Even if petitioners were not present, at the sale proceeding or did not receive this information it is well established law that knowledge of the agent is knowledge of the principal. Fidelity Bank v. Pierson, 437 Pa. 541, 264 A.2d 716 (1970). In any event we believe that the rules call for one's moving with greater dispatch than petitioners exhibited in these circumstances.

Lastly, we conclude that after a review of the record we can find no evidence or circumstances of fraud, irregularity or heavy-handedness on the part of respondent bank. Petitioner had put the subject property up as collateral for a mortgage loan, petitioners defaulted in their payment on their mortgage contract and subsequently, following the appropriate advertisement, a sheriff's sale was held on December 22, 1981. The sale originally was scheduled for November 17, 1981 and was postponed at the request of petitioner's counsel. Petitioner's attorney attended both the scheduled sale of November 17, 1981 and the postponed sale of December 22, 1981. No prospective bidders attended either proceeding and from this we can draw only one inference, there was just no interest in the sale of this property.

In view of what we have above stated, a resale after readvertisement would be unwarranted.

## ORDER

Now, this December 5, 1983, the rule to show cause why the sheriff's sale of the subject premises, located in Springbrook Township, should not be set aside and resale ordered is discharged.