**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3195
_____

KEB HANA BANK USA, NATIONAL ASSOCIATION,
A national banking association

*Chestnut Grove Village Realty, LLC,
Intervenor in USCA

v.

RED MANSION, LLC
d/b/a Naomi Village Resort,
                                        Appellant

*(Pursuant to the Court's Order dated 12/6/2017)
_____

On Appeal from United States District Court
for the Middle District of Pennsylvania
(District Court No. 3:14-cv-01664)
District Judge: Honorable Karoline Mehalchick
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 24, 2018
_____

Before: McKEE, SHWARTZ, and NYGAARD, *Circuit Judges*.

(Opinion filed: April 16, 2019)

_____

OPINION[*]

McKEE, *Circuit Judge*.

Red Mansion, LLC, appeals the district court's confirmation of a mortgage foreclosure sale arguing that the legally required notice of sale contained the wrong address which resulted in a grossly reduced sale price and invalid sale. For the reasons that follow, we affirm the district court.[1]

The district court confirmed the sale upon motion of Appellee, KEB Hana Bank USA.[2] The issue on appeal is whether the use of "2743 Route 390" instead of "2374 Route 390" in the notice of property reduced the number of potential bidders and resulted in an inadequate sale price. We review the district court's confirmation of sale for abuse of discretion.[3]

As a preliminary matter, the district court appropriately concluded that Red Mansion is estopped from claiming that the address used in the notice of foreclosure was inaccurate. Red Mansion itself listed the address used in the foreclosure sale notice – the address that it now challenges as the incorrect address – in the loan documents for the

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction to review the district court's final decision under 28 U.S.C. § 1291.
[2] *KEB Hana Bank USA, Nat'l Ass'n v. Red Mansion, LLC*, No. 3:14-CV-01664, 2017 WL 3868517, at *3 (M.D. Pa. Sept. 5, 2017).
[3] *Virgin Islands Nat'l Bank v. Tyson*, 506 F.2d 802, 804 (3d Cir. 1974).

property.[4] Additionally, Red Mansion twice conceded the accuracy of the address contained in the notice when responding to Appellee's complaints and included the address in its own brief for Rule 11 sanctions.[5] The doctrine of estoppel "precludes a party from assuming a position in a legal proceeding that contradicts or is inconsistent with a previously asserted position."[6] The district court correctly determined that "[h]aving already sworn that the address for the property is '2743' and not '2374,' Red Mansion is estopped from now asserting the address identified is incorrect."[7]

Even assuming arguendo that the address was incorrectly listed, the notice of foreclosure was sufficient to notify all interested parties of the relevant information. Pennsylvania law requires that a notice of mortgage foreclosure sale contain "a brief description of the property to be sold, its location, any improvements, the judgment of the court on which the sale is being held, the name of the owner or reputed owner, and the time and place of sale."[8] Pennsylvania law does not require the address be listed in the notice.[9]

The only dispute is whether the location of the property was properly noticed. The

---

[4] *KEB Hana,* 2017 WL 3868517, at *2. The following documents, among others, listed the street number as "2743": the property's mortgage; several property appraisals; and the Marshal's deed to the purchaser.
[5] *Id.*
[6] *Delgrosso v. Spang & Co.*, 903 F.2d 234, 241 (3d Cir. 1990).
[7] *KEB Hana,* 2017 WL 3868517 at *2.
[8] Pa. R. Civ. P. 3129.2(b)(1).
[9] *See Shimkus v. Klimatis*, 105 A.2d 592, 593 (Pa. 1954) (finding a notice adequate that did not give the property's street address but instead provided a description of the property, by block and lot number, map description, and the metes and bounds).

notice provided by Appellee contained, among other things: the name of the company and the specific name of the resort operated on the property; a recognized postal address; eleven parcel numbers and tax pins; the property's deed book; and the township, county and state where the property was located. Accordingly, the notice provided "sufficient information to put any prospective bidder on notice as to the location and the general nature of the property subject to the sale."[10]

Red Mansion argues that the allegedly incorrect address led to a reduced sale price for the property, but it does not show that the sale price was legally deficient nor does it offer anything more than speculation that the allegedly incorrect address contributed to a lower sale price.[11] Pennsylvania courts set aside a sale only when the price is deemed "grossly inadequate," which has been interpreted as "roughly ten percent or less . . . of the established market value."[12] Red Mansion claims that it purchased the property in 2006 for $1.8 million and therefore the sale price of $305,000[13] is grossly inadequate. Even assuming that the initial purchase price of the house is correct and the appropriate value from which to make the calculation, the sale price was not "grossly inadequate."[14]

Moreover, the established market value of the property is likely far lower than

---

[10] *Penn Sec. Bank & Tr. Co. v. Matchulat*, 30 Pa. D. & C. 3d 427, 431 (Pa. Com. Pl. 1983).

[11] "Without some assurance of a substantially higher bid, the assumption that a higher price could be obtained is pure speculation." *Id.* (citing *Shimkus*, 105 A.2d at 593).

[12] *Bank of Am., N.A. v. Estate of Hood*, 47 A.3d 1208, 1212 (Pa. Super. Ct. 2012).

[13] Red Mansion claims that the sale price was $305,000, but later claims the sale price was $325,000. *Compare* Appellant Br. at 4 *with* Appellant Br. at 6.

[14] Ten percent of $1.8 million is $180,000.

$1.8 million; a 2017 appraisal listed the market value at $540,000. While Red Mansion owned the property it incurred significant casualty losses. Accordingly, the district court did not err when it concluded that the sales price was not "grossly inadequate."[15]

For the reasons above and in the district court's opinion, we affirm the district court's confirmation of the foreclosure sale.[16]

---

[15] This is true even assuming that the market value did not decline because of the losses and that it remained close to $540,000. Even allowing for a reasonable appreciation from that value, the actual sales price was still far in excess of the 10% of market value that guides Pennsylvania courts.

[16] Following Red Mansion's appeal to this Court, Appellee moved to dismiss for mootness. Appellee claimed that Red Mansion's failure to move for a stay of execution prior to the issuance of a writ of execution, subsequent full payment by the purchaser, and delivery of the deed, leaves Red Mansion's appeal moot. Because we affirm the district court's confirmation of sale in its entirety, we do not address this issue.